**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4942**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JASON WILLIAMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:13-cr-00123-D-1)

———————

Submitted:  May 27, 2014                 Decided:  June 4, 2014

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

David L. Neal, Hillsborough, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jason Williams appeals his 540-month sentence following his guilty plea to two counts of sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Williams' sentence is reasonable.[*] Although advised of his right to file a supplemental pro se brief, Williams has not done so. The Government seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We "generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A defendant's waiver is valid if he agreed to it "knowingly and

_____

[*] Specifically, counsel questions whether the district court imposed "an unreasonable sentence by treating the Guidelines provisions for sexual exploitation as reasonable, by not giving sufficient weight to the [18 U.S.C.] § 3553(a) [2012] factors, and by not downwardly departing given Williams's history of traumatic sexual abuse as a four-year-old boy." (Anders Brief at 1).

intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances," United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted), such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Thornsbury, 670 F.3d at 537 (internal quotation marks omitted).

Our review of the record leads us to conclude that Williams knowingly and intelligently waived his right to appeal his sentence. Because the issues he seeks to raise on appeal fall within the scope of the waiver, we grant the Government's motion to dismiss Williams' appeal of his sentence and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Williams' conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues that are outside the scope of the appeal waiver. We therefore affirm the district court's

judgment as to all issues not encompassed by Williams' valid waiver of his right to appeal.

This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART